SHAW, Judge,
concurring in the result.
I disagree with the holding in the main opinion that it is impossible to determine whether the jury unanimously found Franklin guilty of aggravated child abuse. The opinion holds that, because references to child abuse were also made during the trial, the jurors could have believed that they could find Franklin guilty of aggravated child abuse without finding the existence of the serious-physical-injury element. Initially, I note that my review of the record indicates, and the main opinion holds in Part I.A., that the indictment charged Franklin with aggravated child abuse. See § 26-15-3.1, AIa.Code 1975. In addition, the trial court’s charge to the jury included an explanation that a responsible person as defined in § 26-15-2 commits the crime of aggravated child abuse if he or she tortures, willfully abuses, cruelly beats, or otherwise willfully maltreats a *707 child under the age of 18 and “causes serious physical injury as defined in Section 13A-1-2 to a child.” (R. 237-38.) After the trial court charged the jury, Franklin objected to the instruction on “aggravated child abuse” because, she said, the body of the indictment did not place her on notice that she was being charged with aggravated child abuse. (R. 243.) Thus, Franklin’s own objection establishes that the trial court’s charge included an instruction on aggravated child abuse. Finally, the verdict stated: “We, the jury in the above-styled case, find the defendant, Yallory Jean Franklin, guilty of child abuse as charged in count two of the indictment .... ” (R. 246.) As noted previously, count two of the indictment charged Franklin with aggravated child abuse. Therefore, I cannot agree with the conclusion in the main opinion that the jury’s verdict might not have been unanimous because the record included references to both child abuse and aggravated child abuse.
However, as Judge Welch points out in his special writing, the evidence failed to establish a causal connection between the misconduct alleged in the indictment and the element of serious physical injury as alleged in the indictment. The indictment alleged that Franklin caused serious physical injury to the child by failing to seek medical care after the child had been seriously burned. (C. 10.) After carefully reviewing the record, I can find no evidence from which the jury could have reasonably inferred that Franklin’s failure to seek immediate medical care for the child caused the child to suffer serious physical injury as that term is defined in § 13A-1-2(14), Ala.Code 1975.
The State attempted to prove both an assault and aggravated child abuse by Franklin. The State charged that Franklin assaulted the child by intentionally pouring boiling water on her — count one of the indictment charging first-degree assault — and that Franklin also harmed the child by failing to secure immediate medical care — count two of the indictment charging aggravated child abuse. The jury acquitted Franklin of assault. Thus, in order to uphold the conviction on count two of the indictment, the record must demonstrate that the child would not have suffered a serious physical injury but for Franklin’s failure to seek immediate medical care.
Serious physical injury is defined in § 13A-1-2(14), Ala.Code 1975, as “[pjhysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.” The record contains no evidence indicating that Franklin’s failure to seek immediate medical care for the burns created a substantial risk of death or that it caused serious or protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ. Stated differently, there was simply no testimony from the medical personnel, or any other evidence in the record, establishing that Franklin’s failure to seek immediate medical care resulted in the child’s suffering any serious physical injury that was worse than the injuries the child initially sustained as a result of the burns.
Although I am compelled to agree with the majority that the conviction for aggravated child abuse must be set aside, the record contains sufficient evidence to establish that Franklin committed the lesser-included offense of child abuse, which requires proof that Franklin tortured, willfully abused, cruelly beat, or otherwise willfully maltreated the child. See § 26-15-3, Ala.Code 1975. The record reflects *708 that Franklin’s failure to seek immediate medical care for the child after she suffered third-degree burns constituted willful maltreatment. Therefore, I concur to remand this case for the trial court to vacate the aggravated-child-abuse conviction, to enter a conviction for child abuse, and to impose a sentence for that conviction.